**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective
Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

FRANK ZAZZARINO,
*on behalf of himself, FLSA Collective Plaintiffs,
and the class,*

        Plaintiff,

    v.

BRAMALO PASTA & PIZZA BAR LLC.,
    d/b/a TRENTO,
DELITE RESTAURANT & PIZZERIA OF
BELLMORE, INC.,
    d/b/a BRAMALO PIZZERIA &
    RESTAURANT,
THE E.L.M PIE BAR INC.,
    d/b/a AMERICANO PIE BAR,
MASSAPEQUA PARK PIZZA INC.,
    d/b/a GINO'S PIZZA & PASTA,
THE BEST PIZZERIA-RESTAURANT, INC.,
    d/b/a GINO'S TUSCAN,
EMILIO BRANCHINELLI, and
LORENZO BRANCHINELLI

        Defendants.

Case No.:

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff, FRANK ZAZZARINO (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby file this class and collective action Complaint against Defendants BRAMALO PASTA & PIZZA BAR LLC., d/b/a TRENTO, DELITE RESTAURANT & PIZZERIA OF BELLMORE, INC., d/b/a

BRAMALO PIZZERIA & RESTAURANT, THE E.L.M PIE BAR INC., d/b/a AMERICANO PIE BAR, MASSAPEQUA PARK PIZZA INC., d/b/a GINO'S PIZZA & PASTA, THE BEST PIZZERIA-RESTAURANT, INC., d/b/a GINO'S TUSCAN, (collectively, "Corporate Defendants") EMILIO BRANCHINELLI, and LORENZO BRANCHINELLI ("Individual Defendants") (each individually, "Defendant" or, collectively, "Defendants") and states as follows

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that him, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to an invalid tip credit; (2) unpaid wages, including overtime, due to time-shaving; (3) unpaid wages, including overtime, due to off-the-clock work; (4) unpaid overtime wages due to improper blended overtime rates; (5) liquidated damages; and (6) attorney's fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to an invalid tip credit; (2) unpaid wages, including overtime, due to time-shaving; (3) unpaid wages, including overtime, due to off-the-clock work; (4) unpaid overtime wages due to improper blended overtime rates; (5) statutory penalties; (6) liquidated damages; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

<strong><u>PARTIES</u></strong>

5.      At all relevant times herein, Plaintiff ZAZZARINO, was and is a resident of Suffolk County, New York.

6.      Defendants collectively own and operate five (5) Italian restaurants at the following locations:

    a)  "Trento" - 1058 Broadhollow Rd, Farmingdale, NY 11735

    b)  "Bramalo Pizzeria & Restaurant" - 2837 Jerusalem Ave, North Bellmore, NY 11710;

    c)  "Americano Pie Bar" - 517 Main St. Islip, NY 11751;

    d)  "Gino's Pizza & Pasta" - 5159 Merrick Rd, Massapequa Park, NY 11762; and

    e)  "Gino's Tuscan" - 3968 Hempstead Bethpage Turnpike, Bethpage, NY 11714 (collectively, the Restaurants)

7.      All the Restaurants are operated as a single integrated enterprise under the common control of the Corporate and Individual Defendants. Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose.

    a)  All Restaurants are under the control of Corporate and Individual Defendants. Specifically, Individual Defendant EMILIO BRANCHINELLI operates the totality of the Restaurants.

    b)  All the Restaurants are integral part of Individual Defendant EMILIO BRANCHINELLI gastronomic project, as he explains on news media. *See* **Exhibit A**.

c) The Restaurants' websites have the same appearance, design, and layout. Moreover, all of Defendants' Restaurants have the same web developer. *See* **Exhibit B**. Likewise, Defendants' Restaurants Gino's Tuscany, Gino's Pizza & Pasta, and Bramalo share the same website. *See* **Exhibit B**.

d) All the Restaurants offer Catering services with the same menu items and the catering menus have a similar appearance. *See* **Exhibit C**.

e) Similarly, all the Restaurants establishments serve similar goods, have the same suppliers, and all share similar décor, ambience, and appearance. *See* **Exhibit D**.

f) All the Restaurants interchange supplies amongst each other. When short on ingredients, utensils, or other supplies, Defendants would send Plaintiff or Class members to any of their restaurants to deliver ingredients, utensils, and uniforms. In fact, Plaintiff or Class members were sent weekly to the Restaurant wholesale store to pick up orders for all the Restaurants and later distribute products to all of Defendants' locations. Additionally, Bartenders were required to interchange between all of the locations.

g) All Restaurants have a centralized Human Resources that deals with hiring, firing, and administering all the Restaurants' work force. Moreover, Defendants' interchange employees and managers between their Restaurants on a regular basis.

8.    Corporate Defendant, BRAMALO PASTA & PIZZA BAR LLC., d/b/a TRENTO is a domestic business corporation organized under the laws of New York with a principal place

of business located at 1058 Broadhollow Rd, Farmingdale, NY 11735 and an address of service of process located at 344 East Shore Drive, Massapequa, NY, 11758.

9. Corporate Defendant, DELITE RESTAURANT & PIZZERIA OF BELLMORE, INC. d/b/a BRAMALO PIZZERIA & RESTAURANT, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 2837 Jerusalem Ave, North Bellmore, NY 11710 and an address of service of process located at 1058 Broadhollow Rd, Farmingdale, NY, 11735

10. Corporate Defendant, THE E.L.M PIE BAR INC., d/b/a AMERICANO PIE BAR is a domestic business corporation organized under the laws of New York, with a principal place of business located at 517 Main St. Islip, NY 11751 and an address of service of process located at 344 East Shore Drive, Massapequa, NY, 11758.

11. Corporate Defendant, MASSAPEQUA PARK PIZZA INC., d/b/a GINO'S PIZZA & PASTA is a domestic business corporation organized under the laws of New York, with a principal place of business located at 5159 Merrick Rd, Massapequa Park, NY 11762 and an address of service of process located at 215 Hilton Avenue, Hempstead, NY, 11551.

12. Corporate Defendant, THE BEST PIZZERIA-RESTAURANT, INC., d/b/a GINO'S TUSCAN is a domestic business corporation organized under the laws of New York, with a principal place of business located at 3968 Hempstead Bethpage Turnpike, Bethpage, NY 11714 and an address of service of process located at 344 East Shore Drive, Massapequa, NY, 11758.

13. Individual Defendant EMILIO BRANCHINELLI is the principal and executive officer of all Corporate Defendant entities. EMILIO BRANCHINELLI exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the

Class. EMILIO BRANCHINELLI frequently visits the Restaurants. EMILIO BRANCHINELLI exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurants could complain to EMILIO BRANCHINELLI directly regarding any of the terms of their employment, and EMILIO BRANCHINELLI would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. EMILIO BRANCHINELLI exercised functional control over the business and financial operations of Corporate Defendants. EMILIO BRANCHINELLI had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

14. Individual Defendant LORENZO BRANCHINELLI is a principal and general manager of Corporate Defendants. LORENZO BRANCHINELLI exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. LORENZO BRANCHINELLI frequently visits the Restaurants. LORENZO BRANCHINELLI exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurants could complain to LORENZO BRANCHINELLI directly regarding any of the terms of their employment, and LORENZO BRANCHINELLI would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule,

compensation, or terminating or hiring such employees. LORENZO BRANCHINELLI exercised functional control over the business and financial operations of Corporate Defendants. LORENZO BRANCHINELLI had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

15.     At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and regulations thereunder.

16.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.     Plaintiff brings claims for relief as a collective action pursuant to the FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt front-of-house and back-of-house employees (including delivery persons, servers, runners, bussers, bartenders, baristas, cashiers, porters, cooks, line-cooks, food preparers, stock persons, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

18.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in Defendants (i) depriving employees' of their proper wages, including overtime, due to time-shaving; (ii) depriving employees' of their proper wages, including overtime, due to unpaid off-the-clock work, and (iii) depriving employees' of their proper overtime wages, due to failing to properly pay employees at their

proper "blended" overtime rates. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. A subclass of tipped employees, including Plaintiff, additionally has a claim for unpaid wages due to Defendants claiming an invalid tip credit.

19.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

20.     Plaintiff brings claims for relief pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt front-of-house and back-of-house employees (including delivery persons, servers, runners, bussers, bartenders, baristas, cashiers, porters, cooks, line-cooks, food preparers, stock persons, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case, as defined herein (the "Class Period").

21.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

22.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently based are within the sole control of Defendants. There is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass") who also number more than forty (40). Plaintiff ZAZZARINO is a member of the Class and the Tipped Subclass.

23.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of: (i) failing to pay wages, including overtime, due to time-shaving; (ii) failing to pay wages, including overtime, due to off-the-clock work; (iii) failing to pay proper overtime wages due to improper "blended" overtime rates; (iv) failing to provide proper wage statements per requirements of NYLL; and (v) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of NYLL.

24.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

25.     With regard to Plaintiff ZAZZARINO and the Tipped Subclass, Defendants also failed to pay the proper minimum wage, and overtime because Defendants were not entitled to claim any tip credit as they failed to meet the statutory requirements under NYLL. Plaintiff ZAZZARINO and the Tipped Subclass similarly suffered from Defendants' failure to pay the

proper minimum wage due to Defendants' invalid tip credit allowance, because Defendants: (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked during a given shift each workweek; (iii) implemented an invalid tip pooling scheme; (iv) illegally retained tips; (v) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period; and (vi) failed to accurately keep track of daily tips earned and maintain records thereof.

26.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

27.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the

claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

28.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

29.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.   Whether Defendants employed Plaintiff and the Class within the meaning of New York law and applicable state laws;

    b.   What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d. Whether Defendants properly notified Plaintiff and Class members of their hourly rates and overtime rates;

e. Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

f. Whether Defendants operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs, and Class members for all hours worked;

g. Whether Defendants paid Plaintiff and the Class members the minimum wages and the overtime premium at one-and-one-half times their regular hourly rates for all hours worked in excess of forty (40) each workweek, due to time-shaving;

h. Whether Defendants compensated Plaintiff and the Class members who had multiple hourly rates with their proper "blended" overtime rates;

i. Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

j. Whether Defendants accurately tracked the amounts of tips earned each day and maintained records thereof;

k. Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% or two hours of their work shift;

l. Whether Defendants took the proper amount of tip credit allowance for each payment period under the NYLL;

m. Whether Defendants provided proper wage statements informing: (i) tipped employees of the amount of tip credit allowance for each payment period; and (ii) all non-exempt employees of information required to be provided on wage statements as required under NYLL and applicable state laws; and

n. Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL and applicable state laws.

**STATEMENT OF FACTS**

30. In or around September 2017, Plaintiff FRANK ZAZZARINO was hired by Defendants to work multiple roles, including: Server, Bartender, and Banquet Staff for Defendants' "Trento" restaurant located at 1058 Broadhollow Rd, Farmingdale, NY 11735. Plaintiff was employed by Defendants until on or about February 18, 2022.

31. During his employment with Defendants, Plaintiff ZAZZARINO was compensated at a rate of fourteen ($14) dollars per hour when he was working as a Server and Bartender. When performing duties as a Banquet Staff, Plaintiff was compensated a rate of seventeen ($17) dollars per hour. *See* **Exhibit E**.

32. Starting in January 2022, while working on a tip-credit basis, Plaintiff was compensated below the Nassau County prevailing minimum wage of fifteen ($15) per hour. Similarly, Class members were paid below the prevailing minimum wage.

33. During his employment, Plaintiff was scheduled to work six (6) days per week from 4:00 p.m. to 12:00 a.m.

34. During all relevant times, despite having a set schedule, Defendants instructed Plaintiff to work outside of his scheduled shifts. On a regular basis, Defendants requested

Plaintiff to begin worked at 12:00 p.m., resulting in at least four (4) unpaid work hours due to time-shaving.

35.     Additionally, Defendants required Plaintiff to be available on-call at all times to perform off-the-clock work such as contacting Defendants' clients, vendors, organizing catering events, and sending out party packages. On any given week, Plaintiff spent around five (5) to ten (10) hours working off the clock without compensation. As a result, Defendants failed to compensate Plaintiff for his work performed off the clock.

36.     In addition, Plaintiff suffered from Defendants' time shaving policies. Arbitrarily, Defendants deducted a half-hour of payment from Plaintiff's paystub for meal breaks, irrespective of whether Plaintiff took a break or no. Similarly, FLSA Collective Plaintiffs and Class members were time-shaved a half-hour per shift for meal breaks even when no break was taken.

37.     Throughout Plaintiff's employment as a Server and Bartender, he was compensated at a tip credit wage of $14.00 per hour. However, starting in 2022, Plaintiff was illegally paid below the Nassau County minimum wage rate of $15.00 per hour due to Defendants' claiming an invalid tip credit.

38.     At all relevant times, Defendants compensated Plaintiff $14.00 per hour when working as a Server and Bartender. Nevertheless, Defendants were not entitled to claim any tip credit allowance under FLSA or NYLL with respect to Plaintiff, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass because Defendants: (i) failed to properly provide tip credit notice at hiring; (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties in excess of two hours or 20% of the total hours worked each shift; (iii) failed to provide proper wage statements clearly indicating tip credit

allowance for each payment period; and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

39. Specifically, Plaintiff was required to engage more than two (2) hours or 20% of his tipped working time performing non-tipped related activities, such as clean the soda station, dishwash, fold napkins, accept and restock deliveries, and help moving and displacing tools and furniture. Even though Defendants required Plaintiff and Tipped Subclass employees to engage in non-tipped activities in excess of two hours or 20% of the total hours worked each shift, Defendants improperly claimed tip credit for all hours worked by tipped employees.

40. Throughout his employment, Plaintiff similarly suffered from unpaid overtime wages due to Defendants failing to properly "blend" or "weigh" the averages of Plaintiff's different hourly rates ($14/per hour vs. $17/per hour) when he worked different positions that were compensated at different hourly rates. Defendants would always calculate and compensate Plaintiff's overtime wages based on his lower hourly rats when working hours in excess of forty (40), instead of properly averaging out both of Plaintiff's hourly rate, determining what Plaintiff's "regular rate" was for that week and then calculating his "blended" overtime rate off of that "blended" regular rate. *See* **Exhibit E**. FLSA Collective Plaintiffs and Class Member who worked multiple positions were similarly not paid a blended overtime rate.

41. At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wage statements as required by NYLL.

42. At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wages notices, at the beginning of employment and with every change of pay rate thereafter, as required by NYLL.

43.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs, FLSA Collective Plaintiffs and Class members their proper wages due to Defendants' policy of time-shaving.

44.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs, FLSA Collective Plaintiffs and Class members their proper wages due to Defendants' policy of requiring employees to perform off-the-clock work.

45.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs, FLSA Collective Plaintiffs and Class members their proper overtime rates due to Defendants' failure to calculate proper "blended" overtime rates.

46.     Defendants knowingly and willfully operated their business with a policy of not paying the FLSA minimum wage or the New York State minimum wage, and the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiffs, a subclass of FLSA Collective Plaintiffs and Tipped Subclass members. Defendants were not entitled to claim any tip credits under the NYLL.

47.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

48.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by the NYLL.

49.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members.

# STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

50.     Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

51.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

52.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

53.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

54.     At all relevant times, Defendants had a policy and practice that failed to pay wages due to invalid tip credit to Plaintiff and the subclass of FLSA Collective Plaintiffs.

55.     At all relevant times, Defendants had a policy and practice that failed to pay wages, including overtime, to Plaintiff and FLSA Collective Plaintiffs due to time-shaving policies.

56.     At all relevant times, Defendants had a policy and practice that failed to pay wages, including overtime, to Plaintiff and FLSA Collective Plaintiffs for work performed of the clock.

57.     At all relevant times, Defendants had a policy and practice that failed to compensate Plaintiff and FLSA Collective Plaintiffs with their proper "blended" overtime wages.

58.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case, and if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

59.     Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs proper wages, when Defendants knew or should have known such was due.

60.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

61.     As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

62.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to invalid tip credit, unpaid wages due to time-shaving, unpaid wages due to off-the-clock work, unpaid overtime wages due to Defendants failure to properly provide "blended" overtime, plus an equal amount as liquidated damages.

63.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**VIOLATION OF NEW YORK LABOR LAW**

64.     Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

65.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

66.     Defendants engaged in a policy and practice of refusing to pay Plaintiff and tipped Subclass members the Nassau County minimum wage due to invalid tip credit.

67.     Defendants willfully violated the rights of Plaintiff and tipped Subclass members by retaining gratuities, in direct violation of NYLL.

68.     Defendants failed to properly notify employees of their tips, in direct violation of NYLL.

69.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members proper wage notice, at date of hiring and annually thereafter, as required under NYLL.

70.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Tipped Subclass members proper tip notices, at date of hiring and annually thereafter, as required under NYLL.

71.     Defendants knowingly and willfully operated their business with a policy that failed to pay wages, including overtime, to Plaintiff and Class Members due to time-shaving policies, as required under NYLL.

72.     Defendants knowingly and willfully operated their business with a policy that failed to pay wages, including overtime, to Plaintiff and Class Members for work performed of the clock, as required under NYLL.

73.     Defendants knowingly and willfully operated their business with a policy that failed to compensate Plaintiff and Class Members with their proper "blended" overtime wages, as required under NYLL.

74.     Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under NYLL.

75.     Defendants knowingly and willfully operated their business with a policy of not paying employees their wages, including overtime, as required under NYLL.

76.     Due to Defendants' NYLL violations, Plaintiff and tipped Subclass members are entitled to recover from Defendants unpaid wages due to tip credit, unpaid wages for work performed off-the-clock, unpaid wages for due to time-shaving, unpaid overtime wages due to Defendants failure to properly provide "blended" overtime, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class members, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by

law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to time shaving caused by Defendants, due under the FLSA and the NYLL;

d. An award of unpaid wages, including overtime, due to off-the-clock work required by Defendants, due under the FLSA and the NYLL;

e. An award of unpaid overtime wages, due to Defendants failing to properly "blend" employees different regular rates, due under the FLSA and the NYLL;

f. An award of unpaid wages, including overtime, due to invalid tip credit deductions under the FLSA and the NYLL;

g. An award of statutory penalties, prejudgment, and post judgment interest, costs, and expenses of this action together with reasonable attorney's fees and expert fees and statutory penalties;

h. Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff as Representative of the Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: April 19, 2022                Respectfully Submitted,
       New York, New York

By:   */s/ C.K. Lee*
       C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 W. 24th Street, 8th Floor
New York, NY 100111
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*